# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK TECHNOLOGY CO., LTD. D/B/A FUTUREDIAMOND,<br><br>    Plaintiff,<br>v.<br><br>CATTASAURUS, LLC,<br><br>    Defendant. | Case No. <u>1:25-cv-00830-UNA</u><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Shanghai Qianzhuo Network Technology Co., Ltd. d/b/a FutureDiamond ("Plaintiff" or "FutureDiamond"), by and through its undersigned counsel, brings the present action against Cattasaurus, LLC ("Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement with respect to U.S. Patent No. D1,029,404 S (the " '404 patent"), under 35 U.S.C. § 101 *et seq*.

2. There is an actual and ongoing dispute between the parties arising from Defendant's allegation that Plaintiff's products infringe the '404 patent.

3. Exhibit 1 is a true and correct copy of the '404 patent.

4. Exhibit 2 is a true and correct copy of the file history of the '404 patent.

5. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

6. On information and belief, Defendant has appointed Harvard Business Services, Inc., 16192 Costal Highway, Lewes, Delaware 19958 as its Delaware registered agent for service of process (Exhibit 3).

7. This Court has personal jurisdiction over Defendant because Defendant is an entity organized and existing under the laws of the State of Delaware.

8. Defendant threatened to initiate a complaint with Amazon.com, which would interfere with Plaintiff's customers across the United States and subsequently result in the shutdown of Plaintiff's e-commerce stores catering to United States residents thereby preventing Plaintiff from selling products to their U.S. customers.

9. Venue is proper under 28 U.S.C. § 1400(b) because Defendant is an entity organized and existing under the laws of the State of Delaware, therefore Defendant resides in the District of Delaware.

**PARTIES**

10. Plaintiff, Shanghai Qianzhuo Network Technology Co., Ltd. d/b/a FutureDiamond is a Chinese e-commerce company that sells products int the U.S., particularly through Amazon.com.

11. Plaintiff maintains a principal business address at: Room 409, 4th Floor, No. 1269 Huazhi Road, Huaxin Town, Qingpu District, Shanghai; Postal code: 201708.

12. Defendant is a Delaware limited liability company with its principal place of business at 16192 Costal Highway, Lewes, Delaware 19958.

13. Defendant is listed as the applicant and assignee of the '404 patent.

14. Defendant purports to own the '404 patent.

**FACTS PERTAINING TO ALL CLAIMS**

15. Plaintiff sells cat beds on Amazon.com with the ASIN B09YDBZBBJ ("Plaintiff's Product(s)").

16. The following is an excerpted screenshot of Plaintiff's Product:



17. The following is an alternative image of Plaintiff's Product shown from the bottom:



18. The following is an alternative image of Plaintiff's Product shown from the top down:



19. Plaintiff's Product is popular on Amazon.com, and Plaintiff advertises and sells Plaintiff's Products throughout the United States.

20. Amazon.com is the primary sales channel for Plaintiff's Products.

21. To be competitive in the market for cat beds, it is critical that Plaintiff has access to the US market through Amazon.com.

22. Defendant contacted Plaintiff boasting about its past success in asserting infringement on Amazon against competitors and taking competitor listings down.

23. As a result of Defendant's contact, Plaintiff became worried that Defendant would initiate complaints with Amazon to interfere with Plaintiff's sales of its products, or that Defendant would bring suit against Plaintiff for infringement.

## COUNT 1
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## U.S. PATENT NO. D1,029,404

24. Plaintiff incorporates herein all of the foregoing paragraphs as though fully set forth.

25. The '404 patent was filed on November 21, 2023.

26. The '404 patent claims an ornamental design for a cat bed, as shown and described.

27. The '404 patent is a US Patent that was issued on May 28, 2024.

28. The '404 patent contains the following images:



**FIG 1:** Figure 3 of the '404 patent



**FIG 2:** Figure 1 of the '404 patent

29. Any offer, sale or printed publication featuring a cat bed prior to November 21, 2023, is prior art to the patent.

30. Chinese Patent: CN 307506858 S is shown in Exhibit 4.

31. Chinese Patent: CN 307506858 S was filed on May 11, 2022. See Ex. 4.

32. Chinese Patent: CN 307506858 S was issued on August 19, 2022. See Ex. 4.

33. Chinese Patent: CN 307506858 S is prior art to the '404 patent.

34. The Chinese Patent: CN 307506858 S contains the following images:



**FIG 3:** Isometric view of design claimed in Chinese Patent: CN 307506858 S



**FIG 4:** Side views of design claimed in
Chinese Patent: CN 307506858 S

35.     Plaintiff, FutureDiamond's accused product is constructed in accordance with the design of the prior art Chinese Patent: CN 307506858 S as seen in the table below:



| **FIG 5:** Isometric view of Plaintiff's Accused Product | **FIG 6:** Isometric view of design claimed in Chinese Patent: CN 307506858 S |

36.     Given that Plaintiff's product is identical to the prior art Chinese Patent: CN 307506858 S, Plaintiff's accused product does not and cannot infringe the '404 Patent.

37.     Plaintiff, FutureDiamond, is entitled to a declaration that it does not infringe the '404 patent.

38.     Additionally, or in the alternative, Plaintiff's accused product is not confusingly similar to the design of the '404 patent such that an ordinary observer would not confuse one believing it to be the other.

39.     The design of Plaintiff FutureDiamond's product is obviously different from the design claimed in the '404 patent.

40.  For example, even a cursory review of the accused product reveals a conspicuous absence of a key design element—a second opening—which is incorporated into the claimed design of the '404 patent.

41.  The second opening shown in the figure below:



**FIG 7:** Figure 3 of the '404 patent depicting second opening

42.  Plaintiff is entitled to a declaratory judgment that the accused product does not infringe the '404 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Judgment be entered in favor of Plaintiff FutureDiamond, finding that FutureDiamond has not infringed upon U.S. Patent No. D1,029,404 S.

2) A finding that this case is exceptional under 35 U.S.C. §285.

3) Awarding FutureDiamond its cost and reasonable attorney fees.

4) Awarding FutureDiamond any and all other relief that this Court deems just and proper.

Dated: July 4, 2025

Matthew De Preter
ARONBERG GOLDGEHN
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com

Respectfully submitted,

PRICKETT, JONES & ELLIOTT, PA

/s/     *J. Clayton Athey*
J. Clayton Athey (#4378)
Briana Manobianco (#6330)
1310 North King Street
Wilmington, DE  19801
302-888-6507
jcathey@prickett.com
bvmanobianco@prickett.com