IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK TECHNOLOGY CO., LTD. D/B/A FUTUREDIAMOND, | |
| Plaintiff, | Civil Action No. 25-830-CFC |
| v. | |
| CATTASAURUS, LLC, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Shanghai Qianzhuo Network Technology Co., Ltd. d/b/a FutureDiamond (FutureDiamond) has sued Defendant Cattasaurus, LLC (Cattasaurus) for a declaratory judgment of noninfringement of U.S. Patent No. D1,029,404 S (the #404 patent)—a design patent covering a donut-shaped cat bed. D.I. 1. Cattasaurus has not sued FutureDiamond for patent infringement. *See* D.I. 1 ¶¶ 8, 22–23. But after Cattasaurus allegedly "contacted [FutureDiamond] boasting about its past success in asserting infringement on Amazon against competitors," D.I. 1 ¶ 22, FutureDiamond became "worried that [Cattasaurus] [will] initiate complaints with Amazon to interfere with [FutureDiamond's] sales of its products, or that [Cattasaurus] [will] bring suit against [FutureDiamond] for infringement," D.I. 1 ¶ 23.

Pending before me is FutureDiamond's Motion for a Temporary Restraining Order. D.I. 10. FutureDiamond seeks by its motion an order enjoining Cattasaurus from "interfering with [FutureDiamond's] product listings during the pendency of this suit." D.I. 10 at 1. More specifically, FutureDiamond requests an order requiring Cattasaurus to "retract or refrain from filing any intellectual property infringement complaints against [FutureDiamond] or [FutureDiamond's] products on Amazon.com." D.I. 10 at 4. FutureDiamond argues that in the absence a temporary restraining order it "faces the risk of its e-commerce store being shut down, loss of market share, diminished Amazon rankings, and damage to reputation and goodwill." D.I. 11 at 1–2.

Third Circuit law governs my review of FutureDiamond's motion for a temporary restraining order. *See Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1373–74 (Fed. Cir. 2024) (stating that Federal Circuit law applies to "substantive and procedural issues unique to and intimately involved in federal patent law" whereas "regional circuit law [applies] to other substantive and procedural issues") (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 830 F.3d 1335, 1338 (Fed. Cir. 2016)). Like a preliminary injunction, a temporary restraining order is "an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in the original)

2

(quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948 (2d ed. 1995)).  To obtain a temporary restraining order, a movant must establish that (1) it is likely to succeed on the merits, (2) it will suffer irreparable harm without preliminary relief, (3) the balance of equities favors the movant, and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Generally, the moving party must establish the first two factors and only if these gateway factors are established does the district court consider the remaining two factors."  *Greater Phila. Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020) (internal quotation omitted).

Here, FutureDiamond has not established the gateway factors of success on the merits and irreparable harm.  I therefore need not, and do not, reach the remaining two factors.  Starting with the likelihood of success on the merits, FutureDiamond makes two arguments as to why its products do not infringe the #404 patent.  Both arguments fail.  FutureDiamond first argues that its accused products cannot infringe the #404 patent because the accused products are identical to a Chinese patent that is prior art to the #404 patent, and "prior art . . . cannot be deemed infringing."  D.I. 11 at 8.  The Chinese patent—CN 307506858 S—was filed on May 11, 2022 and issued on August 19, 2022.  D.I. 1 ¶¶ 31–32.  The #404 patent was filed on November 21, 2023.  D.I. 1-1 at 2.  FutureDiamond does not

cite any authority to support its contention that "[s]ince [FutureDiamond's] accused products are identical to the prior art, [FutureDiamond's] accused products cannot infringe on the claimed design in the [#]404 patent." D.I. 11 at 9. In fact, the Federal Circuit has stated that "the defense of noninfringement cannot be proved by comparing an accused product to the prior art." *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008). "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002); *see also Zenith*, 522 F.3d at 1363 ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity.").

FutureDiamond also argues that its products do not infringe the #404 patent because "no reasonable finder of fact could confuse one for the other." D.I. 11 at 10. FutureDiamond points to a second opening disclosed in the #404 patent—an opening that is absent from the accused products. D.I. 11 at 10–11. Courts use the "ordinary observer" test to determine whether a product infringes a design patent. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). To infringe a design patent, the two designs must be "substantially the same."

4

*Gorham Mfg. Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871). Two designs are substantially the same if "the resemblance is such as to deceive" an "ordinary observer, giving such attention as a purchaser usually gives," "inducing him to purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 670 (quoting *Gorham*, 81 U.S. at 528); *see also Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("To show infringement under the proper test, an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.").

Having looked at photographs of FutureDiamond's accused products and the design disclosed in the #404 patent, I do not agree that "it is readily apparent" that the #404 patent's design and the accused products are "plainly dissimilar." D.I. 11 at 12. Given the shape, hole opening, and zipper placement of the claimed design and the accused products, it appears to me that an ordinary observer would purchase FutureDiamond's accused product "supposing it to be" the design disclosed in the #404 patent. *Gorham*, 81 U.S. at 528. FutureDiamond therefore has not made a clear showing that it is likely to succeed on the merits.

FutureDiamond next argues that without a temporary restraining order it will suffer irreparable harm, namely, loss of market share and damage to reputation and goodwill. D.I. 11 at 13–14. But FutureDiamond has not made a "clear showing of immediate irreparable injury[] or a presently existing actual threat." *Acierno v.*

*New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (internal quotation omitted). FutureDiamond has not demonstrated, for example, that it faces an immediate, irreparable threat of suspension of its products listed on Amazon. FutureDiamond's only source of support is the Declaration of Chuanpeng Ning, the manager of Shanghai Qianzhuo Network Technology Co., Ltd. D.I. 12 ¶ 1. That declaration merely states that "Cattasaurus LLC contacted FutureDiamond to boast about its past success in asserting infringement on Amazon.com against competitors and taking competitor[s'] listings down." D.I. 12 ¶ 8. But FutureDiamond does not otherwise describe the specifics of this "boast[ing]." Nor does FutureDiamond identify any other actions that Cattasaurus has taken to threaten FutureDiamond. FutureDiamond also has not shown how Amazon's removal of its listings would cause it irreparable harm in the form of an "[i]nability to fulfill customer orders." D.I. 12 ¶ 10. Accordingly, FutureDiamond has not demonstrated that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

Because FutureDiamond has not established either of the requisite "gateway factors," I need not address the remaining two factors. *See Greater Phila. Chamber of Com.*, 949 F.3d at 133.

6

NOW THEREFORE, at Wilmington on this Twenty-first day of July in 2025, IT IS HEREBY ORDERED that FutureDiamond's Motion for a Temporary Restraining Order (D.I. 10) is DENIED.

_____
CHIEF JUDGE